IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KATHERINE B. WILLIAMS, a/k/a
  KATHERINE B. ROBINSON          *
DANA B. WILLIAMS, and
                                           *
        Plaintiffs,
                                           *
  v.                                          CIVIL ACTION NO. ELH-19-2135
                                           *
CHESAPEAKE BANK OF MARYLAND
PROCTOR FINANCIAL, INC.               *

        Defendants.                  *
                                             *****

## **MEMORANDUM**

Katherine B. Williams, formerly known as Katherine B. Robinson, is a self-represented litigant well known to this court. On July 19, 2019, she filed suit on behalf of herself and Dana Williams[1] against Chesapeake Bank of Maryland ("Chesapeake") and Proctor Financial, Inc. ("Proctor"). ECF 1. At issue is a Baltimore rental property acquired by plaintiffs in March 2007, which was sold at auction on February 18, 2014. *Id.* at 4.

For the reasons that follow, the suit shall be dismissed.

### **I.    Background**

On January 3, 2017, a standing order was issued directing the Clerk not to accept for filing any further complaints or other papers naming as defendants the Department of Justice Drug Enforcement Administration and/or the Virginia Employment Commission relating to claims of wrongful employment termination, denial of unemployment benefits, or the resulting loss of rental property, absent authorization by a judge of this court. *See In Re Katherine B. Robinson,* Misc.

---

[1] Dana Williams did not sign the Complaint. ECF 1 at 5.

Case No. 16-965 (D. Md.). The standing order was issued in response to Williams' abuse of the judicial process by filing multiple lawsuits against her former employer and the employment compensation agency that denied her unemployment claim. *See Robinson, et al., v. Dept. Of Justice Drug Enforcement Admin., et al.,* Civil Action No. DKC-16-3850 (D. Md.) (Order December 22, 2016); *see also Robinson v. DOJ-Department of Justice*, RWT-13-1945 (D. Md.) (Mem. Op. March 25, 2014); *Robinson, et al. v. Dept. of Justice DEA, et al.,* Civil Action No. PWG-16-3192 (D. Md.) (Mem. Op. Sept. 27, 2016); *Robinson, et al. v. Dept. of Justice DEA, et al.,* Civil Action No. GJH-16-2931 (D. Md.) (Mem. Op. Sept. 6, 2016).

Williams first presented allegations against Chesapeake and Proctor to this court on November 30, 2016, in *Robinson, et al. v. Dept. of Justice, DEA, et al.,* Civil Action No. DKC-16-3850 (D. Md.). In her amended complaint in that action (*id.*, ECF 6), Williams reiterated her belief that the loss of her rental property due to her inability to repair damages caused in 2007 was precipitated by her wrongful termination from her job. *Id.* Additionally, she stated that her state court lawsuit against Chesapeake, Proctor, and the City of Baltimore concerning the damages, as well as the taking of her rental property, remained pending in the Supreme Court of the United States. *Id.,* ECF 6 at 6.[2] On December 22, 2016, the Honorable Deborah K. Chasanow dismissed the employment claims under the doctrine of res judicata. The claims against Chesapeake, Proctor, and the City of Baltimore were not addressed. *Id.,* Memorandum of December 22, 2016, ECF 7.

---

[2] *See* Petition for Writ of Certiorari, *Robinson* v. *Chesapeake Bank of Maryland,* No. 15-9346 (S. Ct.), *cert. denied* 137 S. Ct. 69, rehearing denied 137 S. Ct. 541; Petition for Writ of Certiorari, *Robinson* v. *Mayor and Balt. City Council,* No. 16-M2 (S. Ct.), *cert. denied*, 137 S. Ct. 261.

On December 28, 2016, Williams filed a property damage claim in this court on behalf of herself and Dana Williams against Chesapeake and Proctor.[3] In her complaint, she reiterated that her job loss caused economic injury. *See Robinson, et al. v. Chesapeake Bank of Maryland, et al.,* Civil Action No. CCB-16-4119. As a result of her lost job, she fell behind on property insurance, taxes, and maintenance. Her Baltimore rental property could not be maintained in a habitable condition, was placed in receivership, and was sold at auction on February 18, 2014. She also stated that she lost several vehicles that were removed from the property. *Id.,* ECF 1 at 6, 9-15. In that lawsuit, the Honorable Catherine C. Blake examined Maryland's electronic docket and confirmed that Robinson filed suit against Chesapeake Bank and Proctor on at least two occasions.

On December 4, 2012, Robinson again sued both entities in the Circuit Court for Baltimore City. *See Robinson v. Chesapeake Bank of Maryland, et al.,* Case No. 24C14006944 (Cir. Ct. Baltimore City). Summary judgment was granted in favor of Chesapeake on March 25, 2015, and Proctor's motion to dismiss or for summary judgment was granted on May 15, 2015. On March 30, 2016, the judgment of the Circuit Court was affirmed by the Maryland Court of Special Appeals.

Meanwhile, on December 13, 2013, Robinson filed a second action against Chesapeake, Proctor, and Mount Vernon Fire Insurance Company ("Mount Vernon"). *See Robinson v. Chesapeake Bank of Maryland, et al.,* Case No. 24C13008544 (Cir. Ct. Baltimore City). Claims against Chesapeake were dismissed in open court on November 10, 2014. On November 20, 2014,

---

[3] Ms. Robinson has consistently included Dana Williams as a plaintiff in her filings with this court, stating that she has power of attorney to act on behalf of Dana Williams, who "is working and job traveling." *See Robinson, et al. v. Dept. of Justice DEA, et al.,* Civil Action No. PWG-16-3192 (D. Md.), ECF 1-2 at 1. She provides no documents demonstrating that she in fact is legally permitted to act on Dana Williams' behalf. It appears that the parties are now married; however that change in status alone does not bestow legal power of attorney on plaintiff to act on Dana Williams behalf. ECF 1 at 6.

Mount Vernon was granted summary judgment based on the statute of limitations. And, on February 2, 2015, Proctor was dismissed from suit. Robinson did not prevail on appeal.

Judge Blake issued an Order on January 4, 2017 (ECF 4), directing Robinson to supplement her complaint to include copies of the state court proceedings and demonstrate that her federal action was not barred by res judicata. *Id.* at 5. She failed to do so, and Judge Blake dismissed her federal action, without prejudice, in an Order issued February 2, 2017. *Id.,* ECF 5.[4]

## II. Standard of Review

Under 28 U.S.C. § 1915(a)(1), an indigent litigant may commence an action in federal court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires a district court to dismiss any claim that is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In this context, this court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the

---

[4] Robinson's multiple notices of appeal (ECF 12, 15, 23) were dismissed (ECF 14, 19, 20, 21, 26, 27). Certiorari was denied on April 27, 2018. *See Robinson, et al. v. Chesapeake Bank of Maryland, et al.,* No. 17-6810 (S. Ct.), ECF 22.

4

complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

### III. Discussion

By her own admission, Williams has adjudicated claims against Chesapeake and Proctor in the state courts. Thus, this latest federal action likely is another iteration of her previous state court lawsuits, which would be barred by the doctrines of res judicata and/or issue preclusion.

Res judicata, or claim preclusion, is a judicial doctrine by which "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979); *see Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008). The doctrine precludes parties from "contesting matters that they have had a full and fair opportunity to litigate," thereby conserving judicial resources and minimizing the possibility of inconsistent decisions. *Montana*, 440 U.S. at 153-54. The doctrine of res judicata was "designed to protect 'litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation.'" *Laurel Sand & Gravel, Inc.*, 519 F.3d at 161-62 (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). The party who asserts res judicata has the burden of showing its application. *See Bennett v. Garner*, 913 F.3d 436, 440 (4th Cir. 2019).

Under Maryland law, if "(1) the parties in the present litigation are the same or in privity with the parties to the earlier litigation; (2) the claim presented in the current action is identical to that determined or that which could have been raised and determined in the prior litigation; and (3) there was a final judgment on the merits in the prior litigation," a litigant may be precluded from presenting the claims anew, under the doctrine of res judicata. *Cochran v. Griffith Energy Servs., Inc.*, 426 Md. 134, 140, 43 A.3d 999, 1002 (2012); *accord Powell v. Breslin*, 430 Md. 52, 63-64, 59 A.3d 531, 538 (2013). This doctrine comports with federal law. *See*, *e.g.*, *Pension*

5

*Benefit Guar. Corp. v. Beverley,* 404 F.3d 243, 248 (4th Cir. 2005); *Meekins v. United Trans. Union,* 946 F.2d 1054, 1057 (4th Cir. 1982).

As indicated, the doctrine of res judicata "precludes the assertion of a claim after a judgment on the merits in a prior suit by the same parties on the same cause of action." *Meekins,* 946 F.2d at 1057. Additionally, "'[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id.* (quoting *Peugeot Motors of America, Inc. v. E. Auto Distribs., Inc.,* 892 F.2d 335, 359 (4th Cir. 1989)).

A cause of action is "identical" for purposes of res judicata if it "involves a right arising out of the same transaction or series of connected transactions that gave rise to the claims in the first action." *Harnett v. Billman*, 800 F.2d 1308, 1314 (4th Cir. 1986). Res judicata thereby accounts for "issues that . . . could have been raised in that [first] action." *San Remo Hotel, L.P. v. City and Cty. of San Francisco, Cal.*, 545 U.S. 323, 336 n.16 (2005) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Moreover, "[a] plaintiff's invocation of a different legal theory in the subsequent action" does not preclude application of res judicata. *Onawola v. Johns Hopkins Univ.*, AMD 07-870, 2007 WL 5428683, at *1 (D. Md. Sept. 24, 2007); *see* Restatement (Second) of Judgments § 24(2) cmt. c (1982).

On the other hand, res judicata does not bar a claim that could not have been brought in the earlier litigation. *Lawlor v. Nat'l Screen Serv. Corp*., 349 U.S. 322, 328 (1955). The controlling issue is whether the claim existed at the time of the prior suit, not whether plaintiff had actual knowledge of the claim at that time. *Aliff v. Joy Mfg. Co.*, 914 F.2d 39, 43 (4th Cir. 1990). "An exception to the general principle that lack of knowledge will not avoid the application of res

6

judicata rules is found in cases where fraud, concealment, or misrepresentation have caused the plaintiff to fail to include a claim in a former action." *Harnett*, 800 F.2d at 1313.

It is not entirely clear whether Williams' claims here are identical to those raised in her two state court actions, or whether the doctrine of res judicata would bar reexamination of her claims by this court. Williams failed to provide copies of the prior state court judgments to the Court in Civil Action No. CCB-16-4119, resulting in the dismissal of that action, without prejudice. In essence, Williams sets forth the same claims here.

Nevertheless, it is apparent on the face of the suit that Williams' instant claims concern a property sold at public auction on February 18, 2014, more than five years ago. ECF 1 at 8. Even assuming the doctrine of res judicata is inapplicable, the instant lawsuit would be time-barred under Maryland's general three-year statute of limitations. *See* Md. Code (2013 Repl. Vol, 2018 Supp.), Cts & Jud. Proc. Art., § 5-101. The limitations period for conversion of property in Maryland is also three years from accrual of the cause of action. *See* Md. Code, Com. Law § 3-118(g). Additionally, the complaint violates this court's prior order precluding Williams from continuing to litigate claims related to the loss of her property.

Therefore, the suit is subject to dismissal. An Order follows.


Date: July 23, 2019                                    /s/
                                             Ellen L. Hollander
                                             United States District Judge

7